# NO. 12–08-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEVON CONSTANTINE HENRY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### PER CURIAM

Devon Constantine Henry appeals his conviction for evading arrest or detention with a vehicle. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a brief pro se. We dismiss Appellant's appeal.

### BACKGROUND

Appellant was charged by indictment with the offense of evading arrest or detention with a vehicle, a state jail felony.[1] The indictment also included a felony enhancement paragraph, and the judgment of that conviction contained an affirmative finding under section 3(g)(a)(2), article 42.12 of the Texas Code of Criminal Procedure.[2] On November 28, 2007, Appellant entered an open plea

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1) (Vernon 2003).

[2] An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that the individual has previously been finally convicted of any felony for which the judgment contains an affirmative finding under section 3(g)(a)(2), article 42.12 of the Texas Code of Criminal Procedure. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(B) (Vernon Supp. 2008).

of guilty to the offense charged in the indictment, and also pleaded "true" to the felony enhancement paragraph. Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a written stipulation of evidence in which Appellant swore that such stipulation constituted the evidence in the case. Further, Appellant acknowledged that he was guilty of an unadjudicated offense, tampering with evidence.[3] However, Appellant did not waive his right to appeal.

After a punishment hearing, the trial court adjudged Appellant guilty of the offense as set forth in the indictment, found the enhancement paragraph to be "true," considered his guilty plea to the unadjudicated offense, and assessed his punishment at seven years of imprisonment and a $1,000 fine.[4] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.

Appellant's pro se brief raises five issues. He argues that his trial counsel rendered ineffective assistance by:

1.      failing to make timely and proper objections to preserve any error for appeal;

2.      failing to preserve Appellant's Fifth and Fourteenth Amendment rights in connection with the videotape of the charged offense;

---

[3] *See* TEX. PENAL CODE ANN. § 12.45(a) (Vernon 2003). The unadjudicated offense is trial court cause number 007-0938-07.

[4] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

3.      failing to challenge the unadjudicated offense that the trial court considered for punishment;

4.      failing to file any motions for discovery regarding the reasonableness of the stop or the mitigating circumstances in his previous conviction;

5.      inducing Appellant to plead guilty by suggesting that he would receive a bench trial and probation upon signing the plea documents and, because he wanted to go to trial, making his guilty plea involuntary without an understanding of the nature of the charge and the consequences of a plea.

We have reviewed the record for reversible error and have found none.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby ***granted***. *See **In re Schulman***, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 242 S.W.3d at 408 n.22.

We ***dismiss*** Appellant's appeal.

Opinion delivered April 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3